UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 19 CR 722-5, 6, 11 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| DERRELL WILLIAMS, LAWRENCE JOHNSON, and DANYALE JONES, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Eleven defendants are charged with various crimes arising from an alleged cocaine distribution operation led by Darrin Pulphus and others. After the court severed the charge brought against one of the alleged wholesale purchasers of the cocaine, Derrell Williams, Doc. 335, the Government obtained a superseding indictment, Doc. 383. Williams again moves under Criminal Rules 8(b) and 14(a) to sever the charge against him. Doc. 423. Two other alleged wholesale purchasers, Lawrence Johnson and Danyale Jones, do so as well. Docs. 427, 435. The motions are denied as to Rule 8(b) and denied without prejudice as to Rule 14(a).

**Background**

In its first count, the superseding indictment charges Pulphus, David Bowden, and two other defendants with conspiracy to transport large quantities of cocaine to Illinois, to distribute that cocaine to wholesale customers in Illinois, and to collect and transfer the proceeds of their operation. Doc. 383 at 1-3. The conspiracy count does not charge Williams, Johnson, and Jones ("Moving Defendants") with conspiracy. But in its "speaking" portion, *see United States v. Dawkins*, 999 F.3d 767, 779-80 (2d Cir. 2021), the conspiracy count alleges that Moving Defendants were wholesale customers who received cocaine from and remitted drug proceeds to

1

Pulphus, Bowden, and one other person. Doc. 383 at 3. And in separate counts, the superseding indictment charges Moving Defendants with substantive drug charges: (1) Williams with distributing at least 500 grams of cocaine in Chicago on March 17, 2019; (2) Jones with intentionally possessing with the intent to distribute at least 500 grams of cocaine in Chicago on April 4, 2019; and (3) Johnson with intentionally possessing with the intent to distribute at least 500 grams of cocaine in Chicago on April 10, 2019, and also with possessing a firearm in connection with that alleged crime in violation of 18 U.S.C. § 924(c). *Id*. at 17, 22, 26-27.

Although the superseding indictment does not expressly allege that Moving Defendants obtained from Pulphus and his co-conspirators the cocaine they possessed or distributed on those specific days, it does bring separate substantive charges against Pulphus and others—set forth immediately before the charges against Moving Defendants—for possessing with the intent to distribute cocaine on those days. *Id*. at 16, 21, 24-25. As the Government explains, the charges were structured in that manner to convey that Moving Defendants obtained cocaine from Pulphus on the days referenced in their respective charges. Doc. 436 at 2-3.

## Discussion

### I. Severance for Misjoinder under Rule 8(b)

Rule 8(b) allows an indictment to charge two or more defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Rule 8 is construed "broadly so as to enhance judicial efficiency." *United States v. White*, 737 F.3d 1121, 1133 (7th Cir. 2013) (internal quotation marks omitted); *see also United States v. Blanchard*, 542 F.3d 1133, 1141 (7th Cir. 2008) (observing that multi-defendant criminal cases "conserve[e] judicial resources and avoid[] costly, duplicative trials"). Specifically, the Seventh Circuit has "interpreted the language 'same series of acts or transactions' to mean 'acts or transactions that are pursuant to a

common plan or common scheme.'" *United States v. Lanas*, 324 F.3d 894, 899 (7th Cir. 2003) (quoting *United States v. Todosijevic*, 161 F.3d 479, 484 (7th Cir. 1998)). Consistent with that interpretation, "Rule 8(b) is satisfied when defendants are 'charged with crimes that well up out of the same series of such acts, but they need not be the same crimes.'" *United States v. Warner*, 498 F.3d 666, 699 (7th Cir. 2007) (quoting *United States v. Pigee*, 197 F.3d 879, 891 (7th Cir. 1999)). That said, Rule 8(b) does not allow the Government to "bootstrap multiple defendants with similar but unconnected offenses into a single indictment." *United States v. Stillo*, 57 F.3d 553, 557 (7th Cir. 1995).

Whether Rule 8(b) permits joinder of two or more defendants in a single indictment is determined solely from the face of the indictment. *See United States v. Carter*, 695 F.3d 690, 700 (7th Cir. 2012). Here, the superseding indictment adequately alleges a common plan or scheme among the joined defendants. As noted, it charges Pulphus and three others with a conspiracy to, among other things, distribute cocaine to and collect drug proceeds from wholesale customers. Doc. 383 at 2-3. And it identifies Moving Defendants as among those wholesale customers and charges them with distributing or possessing with the intent to distribute cocaine on the very days that Pulphus is alleged to have possessed with the intent to distribute cocaine. *Id*. at 3, 16-17, 21-22, 24-27. The superseding indictment thus conveys, although not quite as expressly as it might have, that Moving Defendants obtained from Pulphus the cocaine they sold or possessed on those days.

Given the logical link between the pertinent charges against Moving Defendants, on the one hand, and the charges against Pulphus and his co-conspirators, on the other, those charges all arise from "transactions that are pursuant to a common plan or common scheme." *Lanas*, 324 F.3d at 899. Indeed, as the Seventh Circuit has recognized, an indictment charging drug

3

trafficking that "involv[es] core members who … sold to various … dealers who changed over time … properly allege[s] a single scheme carried out by a series of acts." *United States v. Simone*, 931 F.2d 1186, 1192 n.6 (7th Cir. 1991). Here, Pulphus acted as a "core member" who sold cocaine to Moving Defendants, each of whom is charged with distributing or possessing with the intent to distribute that cocaine. Although Moving Defendants' alleged participation in the scheme was downstream and (comparatively speaking) relatively minor, "this does not … negate the existence of a single scheme; all it means is that [Moving Defendants'] liability is limited to the extent of [their] participation in the scheme." *Lanas*, 324 F.3d at 899.

Accordingly, Rule 8(b) permits joinder of the charges against Moving Defendants with the conspiracy and substantive charges against Pulphus and his alleged co-conspirators. The same holds for the § 924(c) charge against Johnson, as the weapon he is charged with possessing is inexorably tied to his alleged cocaine possession. *See Pigee*, 197 F.3d at 891 (holding that "[p]ossession of firearms and drug trafficking are closely related"). Moving Defendants' motions for severance for misjoinder under Rule 8(b) are therefore denied.

## II.     Severance for Prejudicial Joinder under Rule 14(a)

Defendants also move for severance under Criminal Rule 14(a), which authorizes a court to sever charges when "consolidation for trial appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). A defendant who moves for severance under Rule 14(a) must demonstrate that, absent severance, he is unlikely to obtain a fair trial. *See United States v. Stokes*, 211 F.3d 1039, 1042 (7th Cir. 2000). To meet his burden, a defendant must show that "there is a serious risk that a joint trial would compromise a specific trial right … or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). "In all but the most unusual circumstances, the risk of prejudice arising

4

from a joint trial is outweighed by the economies of a single trial in which all facets of the crime can be explored once and for all." *United States v. Goodwin*, 496 F.3d 636, 644 (7th Cir. 2007) (quoting *United States v. Carrillo*, 435 F.3d 767, 778 (7th Cir. 2006)).

Moving Defendants contend that severance is warranted because (1) evidence admissible only against their co-defendants would create a "spillover effect" at a joint trial, depriving them of a fair trial; (2) a joint trial would confuse the jury about which charges pertain to Moving Defendants; and (3) severance would promote judicial economy. Doc. 424 at 8; Doc. 427 at 2-3; Doc. 435 at 3-4. Those argument do not persuade, at least at this juncture.

First, as to the possibility of a spillover effect, Moving Defendants fail to show that the jury would "rel[y] on evidence presented on one set of counts when reaching a conclusion on the other set." *United States v. Peterson*, 823 F.3d 1113, 1124 (7th Cir. 2016) (quoting *United States v. Ervin*, 540 F.3d 623, 628 (7th Cir. 2008)). To meet their burden on this point, Moving Defendants "must overcome the dual presumptions that a jury will capably sort through the evidence and will follow limiting instructions from the court to consider each count separately." *United States v. Turner*, 93 F.3d 276, 284 (7th Cir. 1996). As the Seventh Circuit has cautioned, "mere speculation of 'spill over guilt' is not enough to rebut these twin presumptions." *United States v. Lopez*, 6 F.3d 1281, 1286 (7th Cir. 1993). Yet Moving Defendants do not identify any specific evidence admissible against Pulphus or the other conspirators, but not against them, that they believe will cause them prejudice despite the delivery of appropriate limiting instructions. Doc. 424 at 11-14; Doc. 441 at 6; Doc. 427 at 2-3; Doc. 435 at 3-4.

Second, as to potential jury confusion, Defendants fail to show the requisite risk that the jury would be confused as to which defendants are charged with which crimes. "The Supreme Court has held that limiting instructions 'often will suffice to cure any risk of prejudice [caused

by joinder] … .'" *United States v. White*, 737 F.3d 1121, 1134 (7th Cir. 2013) (alteration in original) (quoting *Zafiro*, 506 U.S. at 539). The court will properly instruct the jury that the Government bears the burden of proving each defendant guilty beyond a reasonable doubt, that the jury must consider each defendant and each count separately, and that the jury should not consider evidence admitted only as to certain defendants against the other defendants. *See United States v. Peterson*, 823 F.3d 1113, 1124 (7th Cir. 2016) (holding that proper jury instructions generally are "an adequate safeguard against the risk of prejudice in the form of jury confusion, evidentiary spillover and cumulation of evidence") (quoting *United States v. Berardi*, 675 F.2d 894, 901 (7th Cir. 1982)); *United States v. Davis*, 724 F.3d 949, 956-57 (7th Cir. 2013) ("[T]he district court diminished any spillover prejudice by instructing the jury that each count and the evidence relating to it should be considered separately.") (internal quotation marks and alteration omitted). Moving Defendants identify nothing particular about this case that would render such instructions unable to appropriately guide the jury in its consideration of the superseding indictment's various charges.

In a related vein, Jones and Johnson suggest that a "gross disparity in the weight of the evidence" supports severance. Doc. 427 at 2; Doc. 435 at 3. Even if there were such a gross disparity here—which cannot be ascertained at this juncture—"[t]he fact that the government has greater evidence against one codefendant does not automatically give the other codefendant grounds for severance." *United States v. Clark*, 989 F.2d 1490, 1500 (7th Cir. 1993). Again, Moving Defendants must overcome the presumption that "juries are capable of following instructions and reaching separate conclusions regarding each defendant." *Ibid*. On the present record, Moving Defendants have not made that showing.

Third, as to the interests of judicial economy, a joint trial will "promote efficiency" because "all facets of the crime can be explored once and for all." *United States v. Alviar*, 573 F.3d 526, 539 (7th Cir. 2009) (first quoting *Zafiro*, 506 U.S. at 537; and then quoting *United States v. Velasquez*, 772 F.2d 1348, 1352 (7th Cir. 1985)). Severance likely would result in the presentation at multiple trials of evidence about Moving Defendants' transactions with Pulphus and the others, unnecessarily increasing the burdens on witnesses, jurors, the Government, and the court. Judicial economy thus counsels in favor of a joint trial.

Accordingly, Moving Defendants' motions for severance under Rule 14(a) are denied. The denial is without prejudice, for the court cannot foreclose the possibility that, as the case progresses and the evidence crystalizes, circumstances warranting severance under Rule 14(a) will arise or become apparent.

## Conclusion

Moving Defendants' motions for severance are denied as to Rule 8(b) and denied without prejudice as Rule 14(a).

September 17, 2021

                                                                               United States District Judge